IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

TONEY KENNEDA,

    Plaintiff,

v.                                                    Civil Action No. 1:23-cv-00211
                                                    Judge: _____

REHABILITATION HOSPITAL
CORPORATIONOF AMERICA, LLC,

    Defendant.

## COMPLAINT

For his Complaint against the Defendant, the Plaintiff alleges and states as follows:

### PARTIES

1.    Plaintiff, Toney Kenneda, at all times relevant to this Complaint, was and is a citizen and resident of Wyoming County, West Virginia.

2.    Defendant Rehabilitation Hospital Corporation of America, LLC, d/b/a Encompass Health Rehabilitation Hospital of Princeton, is an Alabama limited liability company, with its managers residing in Birmingham, Alabama. At all relevant times, Rehabilitation Hospital Corporation of America, LLC operated an inpatient rehabilitation hospital in Princeton, Mercer County, West Virginia for patients with hip fractures, strokes, and other orthopedic conditions.

### JURISDICTION AND VENUE

3.    This Court has original jurisdiction over this civil matter pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of costs and interest, and involves citizens of different states.

4.    Defendant has availed itself availed to the jurisdiction of this Court pursuant to W. Va. Code § 56-3-33 by doing, personally and through their agents, the following acts:

       a.      Transacting business in the West Virginia;

       b.      Causing tortious injury by an act or omission in West Virginia; and

       c.      Having an interest in, using, or possessing real property in West Virginia.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1931(a) in that a substantial portion of the events giving rise to the claims herein took place within the Southern District of West Virginia.

6. Plaintiff has complied with the requirements of West Virginia's Medical Professional Liability Act, W. Va. Code § 55-7B-1, et seq., prior to filing this action. Despite having received Plaintiff's Notice of Claim and Carol Rupe, M.D.'s Screening Certificate of Merit, the Defendant has not availed itself of pre-suit mediation, which has necessitated the need for Plaintiff to file this action.

### FACTS

7. On March 19, 2022, Plaintiff, at 73 years of age, fell in his home as a result of dehydration, causing him to fracture his left hip.

8. Following a successful hip replacement at Raleigh General Hospital, Plaintiff was admitted to Encompass Health Rehabilitation Hospital of Princeton on March 25, 2022, where he was to receive two weeks of inpatient rehabilitation to improve strength, endurance, balance equilibrium, mobility, and gait to prepare him to return home to live independently.

9. Upon admission at Encompass Health Rehabilitation Hospital of Princeton, given Plaintiff's age, history of falls that occurred within one week from admission to Encompass Health Rehabilitation Hospital of Princeton, history of sleepwalking, impaired mobility, endurance, balance, and strength, gait imbalance, reported confusion while

hospitalized, and use of several medications which cause lethargy and confusion, Plaintiff was at all relevant times at high risk of another fall.

10. As a result of Plaintiff's high risk of fall, he required ongoing monitoring, supervision, care, and fall precautions in place to prevent unassisted ambulation and falls.

11. On or about March 28, 2022, Plaintiff's daughter, Tonya Justice, visited him at Encompass Health Rehabilitation Hospital of Princeton. During her visit, two nurses who were caring for Plaintiff informed Ms. Justice the Plaintiff's bed alarm was removed earlier that day because it kept going off from him moving around so much.

12. Defendant deviated from the acceptable standard of care and failed to act as a reasonably prudent hospital and staff acting in the same or similar circumstances insofar as it failed to recognize Plaintiff was at high risk for another fail and failed to place measures in place to prevent a fall. Such measures included failing to use bed and chair alarms at all times to prevent unassisted ambulation in the facility, failing to provide 30-minute checks providing assistance for toileting if needed to prevent unassisted ambulation, and failing to provide one on one care 24 hours a day in the event the previously referenced measures failed to prevent unassisted ambulation in the facility.

13. As a direct and proximate result of Defendant's deviation from the acceptable standard of care, later that night, Plaintiff, while sleep walking, was able to get out of his bed and ambulate towards the bathroom without any alarm, assistance, or supervision, causing him to fall onto his right hop and suffer an acute comminuted, displaced right proximal femur fracture with extension through the intertrochanteric region.

14. Plaintiff's injuries sustained a direct and proximate result of Defendants' acts and omissions are permanent and prevent Plaintiff from being able to independently care from

himself and perform life-sustaining activities. In addition to the injuries referenced herein, Plaintiff has further sustained the following past and future damages:

      a. physical pain and suffering;

      b. mental anguish and suffering;

      c. annoyance and inconvenience;

      d. emotional distress;

      e. loss of capacity to enjoy life;

      f. permanent physical impairment;

      g. past medical expenses;

      h. future medical expenses;

      i. loss of household services;

      j. other damages, as allowed by law.

## COUNT I
## MEDICAL PROFESSIONAL NEGLIGENCE

15. Plaintiff incorporates herein by reference paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

16. Defendant is liable to Plaintiff under the theory of medical professional negligence.

17. Defendant owed a duty to Plaintiff, as its patient, to exercise that degree of care, skill, and learning required or expected of a reasonably prudent inpatient rehabilitation hospital, acting in the same or similar circumstances.

18. Defendant breached the applicable standard of care in its treatment, monitoring, and supervision of Plaintiff, by failing to act as a reasonably prudent inpatient rehabilitation hospital acting in the same or similar circumstances, in one or more of the following ways:

      a.    Failing to recognize that Plaintiff was at a high risk of falling;

      b.    Failing to provide necessary fall-prevention measures to prevent Plaintiff from falling and ambulating without assistance;

      c.    Failing to provide necessary staffing, supervision, and monitoring to prevent Plaintiff from falling and ambulating without assistance;

      d.    Removing necessary fall-prevention measures such as Plaintiff's bed alarm;

      e.    Being otherwise careless and negligent in the care and treatment of the Plaintiff, or lack thereof.

19. As a direct and proximate result of the Defendant's deviation from the applicable standard of care in the treatment of Plaintiff, Plaintiff sustained the injuries and damages referenced herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant for such an amount as will be determined by a jury according to the laws of the State of West Virginia, including compensatory damages, punitive damages for Defendant's intentional, fraudulent, malicious and/or reckless indifference to the safety of the Plaintiff, pre-judgment and post-judgment interest, reasonable costs, attorney's fees, and for such other relief as the Court may deem just and proper.

**A JURY TRIAL IS DEMANDED.**

                                                                         TONEY KENNEDA,
                                                                         By Counsel

_/s/ signature_

D. Blake Carter, Jr. (WV State Bar # 9970)
Taylor M. Norman (WV State Bar # 13026)
BAILEY JAVINS & CARTER, LC
213 Hale Street
Charleston, WV 25301
(304) 345-0346 (T) / (304) 720-9167 (F)

jrcarter@bjc4u.com
tnorman@bjc4u.com
*Counsel for Plaintiff*